UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:17-cr-00098-001 |
| v. ) | |
| ) | Judges Collier/Steger |
| LEBRON TERRELL BROWN ) | |

## MEMORANDUM AND ORDER

LEBRON TERRELL BROWN ("Defendant") came before the Court for an initial appearance on March 13, 2023, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Amended Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 36].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Damon Burk of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Jay Woods explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant waived a preliminary hearing, but requested a detention hearing. At counsel's request, the detention hearing was conducted immediately.

At the hearing, the Government relied upon the allegations in the Petition [Doc. 36]. The Petition recites a number of conditions of supervision violated by Defendant, *to wit*:

- Mandatory Condition: The defendant shall not commit another federal, state, or local crime.

- Standard Condition #8: The defendant must not communicate or interact with someone he knows is engaged in criminal activity. If defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

- Standard Condition #9: If defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours.

- Standard Condition #10: Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon

The sworn Petition details facts giving rise to violations of this condition of supervision. More specifically, Defendant was involved in a shooting incident on September 30, 2022. Defendant arrived at Parkridge East hospital at 12:40 a.m. with gunshot wounds. A Chattanooga Police Department investigation determined that the shooting incident occurred in front of the Klip and Slide barbershop at 5305 Brainerd Road. Police located a video from a nearby business that showed Defendant running through the rear parking lot with what appeared to be a black pistol in his hand before he got into a Hyundai Sonata and drove away. Police then obtained a search warrant to get video footage from a camera mounted within the barbershop. After viewing video footage from that camera, police concluded that Brown appeared to have a firearm with an extended magazine before the shootout occurred.

Following that incident, on October 28, 2022, Hamilton County Sheriff's Department officers executed a search warrant at Defendant's residence, 8922 Sherida Lane, Chattanooga, Tennessee 37416, and found large quantities of fentanyl and marijuana. Defendant has been charged in state court for possession of these illegal controlled substances.

In response to the allegations relied upon by the Government, Attorney Damon Burk proffered evidence on behalf of Defendant; however, such proffer did not persuasively refute the evidence collected by law enforcement that is set forth in the Petition.

The Court finds that probable cause exists to demonstrate that Defendant committed violations of his conditions of supervised release. With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community and that he is not flight risk. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Defendant shall be **DETAINED WITHOUT BAIL** pending a revocation hearing before United States District Judge Curtis L. Collier.

2. Unless revised by further order of the Court, the United States Marshals Service shall transport Defendant to the revocation hearing before United

States District Judge Curtis L. Collier on **May 17, 2023, at 2:00 p.m.**

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE